UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09137-FWS-KS Date: August 31, 2026

Title *Jonathan Lipman v. State of New Jersey*

Present: The Honorable: Karen L. Stevenson, Chief United States Magistrate Judge

| Kerri Hays | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A Attorneys Present for Respondent: N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On August 17, 2026, Petitioner, proceeding *pro se*, filed the pending "Petition for Habeas Corpus 28 U.S.C. 2241" ("Petition"), in which he appears to be challenging a criminal indictment and arrest warrant issued by the State of New Jersey. (Dkt. No. 1 at 6.) As of the filing of the Petition, Petitioner is a resident of Los Angeles and is not in custody. (*Id.* at 1.)

Having now screened the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"),[1] and for the reasons stated below, Petitioner is ordered to show cause, no later than **September 30, 2026**, why the Petition should not be dismissed on the ground that the Court lacks jurisdiction to consider it.

## LEGAL STANDARD

Rule 4 of the Habeas Rules requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party). However, a district court's

[1] Although the Habeas Rules are only expressly applicable to habeas petitions brought under 28 U.S.C. § 2254 (*see* Habeas Rule 1(a)), Habeas Rule 1(b) provides that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Court finds the Habeas Rules applicable to the pending Petition filed under 28 U.S.C. § 2241.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09137-FWS-KS Date: August 31, 2026

Title *Jonathan Lipman v. State of New Jersey*

use of this summary dismissal power is not without limits. *Boyd*, 147 F.3d at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because he has failed to establish that the Court has jurisdiction to entertain it**.

**THE PETITION FAILS TO ESTABLISH THAT PETITIONER IS IN CUSTODY AND, THEREFORE, THAT THE COURT HAS JURISDICTION**

As stated above, Petitioner does not appear to be in custody as of the filing of his Petition and, although the Petition references Petitioner at some point being in the custody of federal authorities, he does not allege that he is currently in custody at all, let alone pursuant to the New Jersey indictment and arrest warrant under challenge.

The relevant federal habeas statute, 28 U.S.C. § 2241, confers authority on a district court to issue a writ of habeas corpus on behalf of a person *in custody*. *See* 28 U.S.C. § 2241(c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973) ("[T]he heart of habeas corpus" is a challenge to "the fact or duration of [an individual's] physical confinement itself" or claims "seeking immediate release or a speedier release from that confinement."). Further, this "in custody" requirement is jurisdictional. *Williamson v. Gregoire*, 151 F.3d 1180, 1182 (9th Cir. 1998).

Significantly, the "in custody" requirement is not limited to incarceration. To the contrary, a petitioner may be "in custody" if he is currently released on parole or serving a term of probation. *See Maleng v. Cook*, 490 U.S. 488, 491 (1989); *United States v. Spawr Optical Research Inc.*, 864 F.2d 1467, 1470 (9th Cir. 1988), *cert denied*, 493 U.S. 809 (1989). However, Petitioner has not alleged that he is in prison, in jail, on parole, on probation, or otherwise subject to any significant restraints imposed by Respondent in connection with the indictment and arrest warrant at issue. Therefore, the Petition fails to establish that the Court has jurisdiction to consider the Petition, and it must be dismissed pursuant to Habeas Rule 4. *Williamson*, 151 F.3d at 1182.[2]

[2] Petitioner has also failed to name a proper respondent. Habeas Rule 2(a) requires a habeas petitioner to "name as respondent the state officer who has custody" of the petitioner pursuant to a state-court judgment. Contrary to this rule, Petitioner has named the State of New Jersey as Respondent. Therefore, in any First Amended Petition, Petitioner

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-09137-FWS-KS Date: August 31, 2026

Title *Jonathan Lipman v. State of New Jersey*

**CONCLUSION**

**Petitioner is ORDERED TO SHOW CAUSE on or before September 30, 2026**, **why the Petition should not be dismissed**—that is, Petitioner must file, no later than **September 30, 2026**, a signed First Amended Petition for Writ of Habeas Corpus establishing that he meets the "in custody" jurisdictional requirement of 28 U.S.C. § 2241(c). Petitioner is **strongly** encouraged to **prepare his First Amended Petition by fully completing a court-approved form (Form CV-69), a copy of which will be included with this order for Petitioner's convenience.**

Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules.

Petitioner is encouraged to utilize this Court's Federal Pro Se Clinic. The Clinic offers information and guidance to individuals who are representing themselves in federal civil actions. The Clinic is administered by a non-profit law firm, Public Counsel, not by the Court. More information is available at: http://prose.cacd.uscourts.gov.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition (Form CV-69) and a copy of the Central District's form Notice of Voluntary Dismissal.

**IT IS SO ORDERED.**

:

**Initials of Preparer** klh

should name the official in charge of the facility where Petitioner is detained as the respondent or this action will again be subject to dismissal.